UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deria J. Francis, et al().                                              Case No. 3:25-cv-2656

        Plaintiffs,

v().                                                                    ORDER

Mac's Convenience Stores LLC, et al.,

        Defendants.

On December 8, 2025, Plaintiffs invoked this Court's diversity jurisdiction when filing this action. (Doc. No. 1 at 3; Doc. No. 1-1 at 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In the Complaint, Plaintiffs allege, "Defendant Mac's Convenience Stores, LLC . . . is a limited liability corporation incorporated in the State of Delaware and is licensed to do business in the state of Ohio." (Doc. No. 1 at 2). But Plaintiffs say nothing of this LLC Defendant's members.

Because an LLC's citizenship is determined by the citizenship of each of its members and sub-members, and because Plaintiffs have not provided this information, I cannot conclude this Court's diversity jurisdiction was properly invoked.

To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiffs shall supplement the Complaint by filing an affidavit of jurisdiction no later than March 18, 2026. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In this affidavit, Plaintiffs shall:

1.) Identify each of Defendant Mac's Convenience Stores, LLC members and sub-members, which "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); and

2.) State jurisdictional allegations sufficient for me to determine the citizenship of each member and sub-member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

While I acknowledge that it remains Plaintiffs' burden to establish this Court's diversity jurisdiction was properly invoked, I remind Defendants' counsel of this Court's expectation of collaboration and urge them to actively participate in acquiring the relevant facts required to determine appropriate jurisdiction so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2